Chancellor James
afterwards delivered the decree of the court;
Complainant states in his bill that the testator of defen-- * , dant, in his lifetime, being in want of $2000 to pay up Ins debt at the South-Carolina Bant, applied by letter to complainant to lend him his note for' that amount, and promised that he would secure him by giving him a bill of sale of his schooner, and his working hands on board. That complainant lent defendant his said note, and the defendant died shortly afterwards, and complainant has since been obliged to pay the same. Complainant seeks payment, and to have his equitable lien on said schooner and hands, established by the court. Defendant states that the estate of his intestate is insolvent, and that he is bound to pay the debts in the order prescribed by law ; he also charges that complainant is indebted to the estate of Thos. Simons.
In this case it does not appear from any evidence that there was qny mortgage, judgment or incumbrance upon the estate of Thomas Simons, which could claim priority to the demand of complainant. It is indeed stated that Thomas Simons, before the date of his letter, had prevailed upon defendant to become bis endorser to a great amount at the bank, which he has since been obliged to pay. Then at the bank, complainant and defendant have both been obliged to pay notes, and at law, would have both stood upon an equal footing, had it not been for the preference given to the complainant by Thomas Simons in jiis life time. That he had it in his power to give such. *556 preference, cannot be denied; nor can it be doubted while Courts of Equity are guided by that important rule of con-. sidering what ought to have been done as done, that complainant has an equitable lien upon the schooner and hands for the payment of his demand. The intestate says in his letter — “ I will give you a bill of sale for my schooner and hands to reimburse you.” The bill of sale must then be considered as made.
Therefore let the amount of the sale of said schooner and hands be appropriated towards paying off the demand of complainant, except the discount hereafter mentioned ; and let the overplus be paid to the defendant to be administered by him according.to law. And let, it be referred to the master to ascertain whether complainant was indebted to the intestate, and if so, let that sum be a set off against his demand so far as it may go.